UNITED STATES *v.* OVINGTON BROS. & CO. (No. 597).[1]

EMERGENCY OUTFIT OF TOOLS FOR AN AUTOMOBILE.

Leather cases fitted with an assortment of tools, consisting of a screw driver, saw, file, and small blades, for which a single handle suffices when used, are not dutiable under section 452, tariff act of 1909, as a "traveling set," but, adapted and intended for emergencies only, they are dutiable as articles made wholly or in part of metal, under paragraph 199 of that act.

United States Court of Customs Appeals, January 11, 1912.

APPEAL from Board of United States General Appraisers, Abstract 24618 (T. D. 31236).

[Affirmed.]

*D. Frank Lloyd,* Assistant Attorney General (*Chas. Duane Baker* on the brief), for the United States.

*Comstock & Washburn* (*Albert H. Washburn* of counsel) for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This is an appeal from a decision of the Board of General Appraisers reversing the action of the collector at the port of New York assessing duty upon what the appraiser thereat returned as "cases fitted with assortments of tools arranged for the use of automobilists and travelers."

The cases in question were composed wholly of leather, and described by the official examiner as—

Traveling tool goods, consisting of a case made wholly of russet leather, sometimes made of two and sometimes of four parts, from 4 to 5 inches long and 3 to 4 inches wide and about 1 inch thick, and made of convenient size to slip into the pocket.

---

[1] Reported in T. D. 32163 (22 Treas. Dec., 52).

The cases were fitted with an assortment of tools consisting of a screw driver, saw, file, and other small blades, for which one handle was provided of such size and construction that the different tools could be fitted into the handle like the blades of a pocketknife. The handles, with the accompanying tools, were fitted into the leather cases, and both the handles and attached tools, or implements attached, were imported together as a single article. It is conceded that they were intended for the use of automobilists.

The collector at the port of New York assessed duty upon these articles at the rate of 50 per cent ad valorem under paragraph 452, hereinafter quoted. The Board of General Appraisers reversed the decision of the collector, and held the merchandise dutiable as "articles wholly or in part of metal" under the provisions of paragraph 199 of the tariff act of 1909.

It is contended by the Government that paragraph 452 of the tariff act of 1909 is the applicable one. The paragraph reads:

452. Bags, baskets, belts, satchels, card cases, pocketbooks, jewel boxes, portfolios, and other boxes and cases, made wholly of or in chief value of leather, not jewelry, and manufactures of leather, or of which leather is the component material of chief value, not specially provided for in this section, forty per centum ad valorem; any of the foregoing permanently fitted and furnished with traveling bottle, drinking, dining or luncheon and similar sets, fifty per centum ad valorem.

The examiner of merchandise at that port testified that in his judgment metal was the component material of chief value in the article as imported.

The crucial point in this case, upon which decision must turn, is whether or not the imported article may properly be said to be "a case permanently fitted and furnished with a *traveling* bottle, drinking, dining or luncheon or similar set," within purview of the last provision of paragraph 452.

It is contended by counsel for the importer that this wallet form of leather is not a "case" *ejusdem generis* with the enumerated cases, boxes, baskets, etc., in the first portion of said paragraph. We think that this is a closer question than the former, and in our view of the former unnecessary of decision.

A set of automobilist's tools, which are to be used in the every-day use of that machine, does not commend itself to the court as within the limiting language of the last portion of the paragraph. It seems to us that that language is intended to cover only that class of articles the more common use of which is confined to extended journeys of travel, rather than to every-day use. The enumerated classes within the provision are of that kind only. This article is intended for occasional and exceptional use. It is an emergency outfit, used and intended to be used whenever there is necessity therefor outside or possibly inside of the garage or away from similar tools. We think this article more an emergency than a traveling set.

It does not strike us as within the common acceptation of the term "travel" that the word is expressive or descriptive of the every-day business or even pleasure journeys of the automobilist in or about the business errands or the social intercourse of the day.

We think the decision of the board was correct, and find no reason for disturbing its findings.

*Affirmed.*